IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-59-BO

| | |
|---|---|
| DONALD BROWN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   **O R D E R** |
| | ) |
| GEORGE WINMAN, III, et al.,<br>    Defendants. | )<br>)<br>) |

This matter is before the Court on defendants' motion to dismiss [DE 19] and plaintiff's motion for leave to withdraw claims and to file an amended complaint [DE 25]. For the following reasons, plaintiff's motion is granted in part and denied in part and defendant's motion is denied as moot.

## BACKGROUND

Plaintiff, who is African American, alleges that defendants, who are Caucasian, have taken possession of his land located in Beaufort County, North Carolina, and have blocked him from having access to it because of his race. The events underlying the complaint began in 2008 and lasted until at least October 15, 2012. Plaintiff alleges that defendant George Winman III refuses to leave plaintiff's land because African Americans should not own property and that defendant's wife, who is also a named defendant, does not want to share the road that leads to plaintiff's property with African Americans. Plaintiff alleges that defendants' actions have prevented plaintiff from coming and going from his property.

Following this Court's order allowing plaintiff to proceed past frivolity review, defendants filed a motion to dismiss, alleging that plaintiff's initial complaint brought claims under criminal statutes that do not provide for civil liability. In response, plaintiff filed the

instant motion to amend his complaint to allow for claims under 42 U.S.C. § 1982 and the Thirteenth Amendment to the United States Constitution.

## DISCUSSION

Plaintiff understandably moves to withdraw his original claims, which were based on violations of 18 U.S.C. §§ 241 and 249, as these are criminal statutes that do not provide a basis for civil damages. *See, e.g., Anderson-El v. Chief of Auxiliary Services*, 5:11-CT-3170-D, 2012 WL 5305782 (E.D.N.C. Mar. 12, 2012). He simultaneously moves to amend to allege causes of action under 42 U.S.C. § 1982 and the Thirteenth Amendment. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P.15(a). A district court may deny a motion to amend, however, when the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A motion to amend is futile where, *inter alia*, the amended complaint would not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Perkins v. United States*, 848 F. Supp. 1236, 1241 (S.D. W. Va. 1994) ("If the proposed amendment cannot withstand a motion to dismiss, the court may deny it."); *see also Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards.").

Section 1982 provides that "[a]ll citizens of the United States shall have the same right . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The Supreme Court has held that section 1982 should be construed broadly "to protect not merely the enforceability of property interest acquired by black citizens but also their right to acquire and sue property on an equal basis with white citizens." *Memphis v. Green*, 451 U.S. 100, 120 (1981). The statute applies to private parties, not just government actors. *See, e.g.,*

*Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968). To establish a prima facie case, plaintiff must allege that (1) he is a racial minority; (2) defendant intended to discriminate on the basis of race; and (3) the discrimination concerned activities listed in section 1982. *See, e.g., Lawrence v. Courtyards at Deerwood Ass'n, Inc*, 318 F. Supp. 2d 1133, 1150 (N.D. Ill. 2004).

Here, plaintiff plausibly has alleged that he is a racial minority and that he was treated in a discriminatory manner on the basis of his status as such. Accordingly, the issue before the Court is whether defendants' alleged actions involved the right "to inherit, purchase, lease, sell, hold, and convey" real property. § 1982. Lawsuits under section 1982 in the Fourth Circuit most often appear to involve commercial transactions; there appears to be a dearth of cases involving interactions between private parties. *See, e.g., Dobson v. Cent. Carolina Bank and Trust Co.*, 240 F. Supp. 2d 516, 523 (M.D.N.C. 2003) (discussing interference with ability to pay off credit line and make a deposit in a commercial establishment); *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 352 (4th Cir. 2013) (discussing defendants' alleged attempts to drive plaintiffs' from the leased premises and injure their business). Other courts have held, however, that "when a racially motivated attack is made upon a person's home, that person does not truly enjoy the same freedom to acquire, hold, and use property as a similarly situated white citizen." *Cotton v. Duncan*, No. 93-C-3875, 1993 WL 473622, *4 (N.D. Ill. Nov. 15, 1993).

The Court does not agree with defendant's argument that section 1982 is only applicable within the context of purchasing or selling a home. This argument belies the plain language of the statute. Indeed, defendant even cites a number of cases involving claims under section 1982 that do not involve purchasing or selling a home. *Byrd v. Brandeburg*, 922 F. Supp. 60 (N.D. Ohio 1996); *Cotton*, 1993 WL 473622. Defendants attempt to qualify these cases under an exception for acts that are violent or dangerous, as the defendants in *Brandeburg* firebombed

3

plaintiff's home and the defendants in *Cotton* allegedly burned a cross on plaintiff's property. The Court sees this conduct not merely as violent or dangerous, but as conduct intended to drive an individual out of his home. This analysis is in line with other courts. *See, e.g., Egan v. Schmock*, 93 F. Supp.2d 1090, 1093–94 (N.D. Cal. 2000). While actions that merely interfere with an individual's enjoyment of his home may not give rise to claims under section1982, discriminatory conduct designed to drive an individual out of his home is prohibited. *See id.* at 1093–94 (finding "that allegations of violent or intimidating acts motivated by a discriminatory animus" are sufficient to state a claim under section 1982 where plaintiff alleges "an intent to drive [plaintiff] out of [his] home"). Here, plaintiff alleges that defendant blocked access to his property and threatened him because he is black. These alleged actions clearly interfere with plaintiff's right to hold property and demonstrate intent to drive plaintiff out of his home. As such, they are sufficient to state a claim under section 1982, and plaintiff's motion to amend the complaint to add a claim under section 1982 is granted.

The Thirteenth Amendment, however, does not create a private right of action upon which recovery may be obtained. *See, e.g. Nattah v. Bush*, 770 F. Supp. 2d 193, 204–05 (D.D.C. 2011). It instead reserves to Congress the task of enforcing the prohibition on slavery through appropriate legislation. U.S. Const. amend. XIII, § 2. Accordingly, the Amendment itself bars private suits in federal court to enforce Section 1. *Holland v. Bd. of Trs. of Univ. of Dist. of Columbia*, 794 F. Supp. 420, 424 (D.D.C. 1992). Amendment of plaintiff's complaint to add a claim under the Thirteenth Amendment would be futile, thus plaintiff's motion to amend the complaint to add a claim for relief under the Thirteenth Amendment is denied.

In sum, plaintiff's motion to amend the complaint is granted in part and denied in part. Plaintiff's claims under the criminal statutes are withdrawn and defendant's motion to dismiss is

denied as moot. Plaintiff may proceed only on the violation of section 1982 listed in the amended complaint and is directed to file an amended complaint listing only that claim for relief no later than November 6, 2015.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend [DE 25] is GRANTED IN PART and DENIED IN PART, and defendant's motion to dismiss [DE 19] is DENIED AS MOOT. Plaintiff is DIRECTED to file an amended complaint conforming to the ruling in this Order no later than November 6, 2015. The Clerk of Court is DIRECTED to mail plaintiff a copy of this Order at his last known address.

SO ORDERED, this __6__ day of October, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5