IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-59-BO

| | | |
|---|---|---|
| DONALD BROWN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| GEORGE WINMAN, III | ) | |
|     Defendant. | ) | |

This matter is before the Court on plaintiff's motion to strike and defendant's motion for leave to amend answer. The motions have been fully briefed and are ripe for ruling. For the reasons discussed below, plaintiff's motion is denied and defendant's motion is granted.

BACKGROUND

Plaintiff filed his original complaint in the Southern District of New York; the matter was transferred to this Court by order entered February 5, 2015. Plaintiff alleges that defendant has taken possession of his land located in Beaufort County, North Carolina, and blocked him from having access to it because of his race. Plaintiff alleges that the events underlying the complaint began in 2008 and lasted until at least October 15, 2012. Following transfer, this Court allowed plaintiff leave to withdraw claims and file an amended complaint. Plaintiff now moves to strike defendant's statute of limitations (third) and abatement (fifth) defenses raised in his answer. Defendant seeks to withdraw the abatement defense and leave to amend his answer to more fully assert the statute of limitations defense.

DISCUSSION

Defendant's request to withdraw his abatement defense is allowed. Plaintiff's motion to strike this defense is therefore moot.

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P.15(a). A district court may deny a motion to amend, however, when the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A motion to amend is futile where, *inter alia*, the amended pleading would not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Perkins v. United States*, 848 F. Supp. 1236, 1241 (S.D. W. Va. 1994) ("If the proposed amendment cannot withstand a motion to dismiss, the court may deny it."); *see also Racick v. Dominion Law Assoc.*, 270 F.R.D. 228, 233-34 (E.D.N.C. 2010) (following the majority of courts in this circuit that mandate the same pleading requirements for affirmative defenses as for complaints). "At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense." *Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. L-09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010).

Defendant's statute of limitations defense alleges that plaintiff's action accrued not later than October 16, 2009, and that plaintiff's complaint was filed outside of the statute of limitation. Defendant has provided factual support for his assertion that plaintiff's action accrued in 2009. Defendant has raised a cognizable statute of limitations defense and the amendment to his answer would not be futile. The Court further finds no bad faith or prejudice to plaintiff. The motion to file an amended answer is therefore allowed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike [DE 32] is DENIED as to defendant's third defense and DENIED as MOOT as to defendant's fifth defense. Defendant's motion for leave to file an amended answer [DE 39] is GRANTED. Defendant is DIRECTED to file his amended answer within five (5) days of the date of entry of this order.

SO ORDERED, this __4__ day of March, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE