IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-59-BO

| | |
|---|---|
| DONALD BROWN, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE WINMAN, III )<br>       Defendant. ) | **O R D E R** |

This matter is before the Court on plaintiff's motion to amend [DE 48], motion to strike [DE 49], June 8, 2016 motion to compel [DE 56], motion for an extension of time [DE 66], and September 9, 2016 motion to compel [DE 69]. The motions have been fully briefed and are ripe for ruling. For the reasons discussed below, plaintiff's motions to amend, strike and compel are denied, and plaintiff's motion for an extension of time is granted in part and denied in part.

BACKGROUND

Plaintiff filed his original complaint in the Southern District of New York; the matter was transferred to this Court by order entered February 5, 2015. [DE 3]. Plaintiff alleges that defendant has taken possession of his land located in Beaufort County, North Carolina, and blocked him from having access to it because of his race. Plaintiff alleges that the events underlying the complaint began in 2008 and lasted until at least October 15, 2012.

Following transfer, defendant moved to dismiss the corrected complaint pursuant to Rule 12(b)(6). [DE 19]. Subsequent to defendant's motion to dismiss, plaintiff moved to amend his corrected complaint in order to withdraw his original claims and to assert claims pursuant to 42 U.S.C. § 1982 and for violation of the Thirteenth Amendment. [DE 25, 25-1]. The Court entered an order on October 6, 2015 granting plaintiff leave to amend his complaint to assert a claim

pursuant to 42 U.S.C. § 1982, but denying as futile plaintiff's motion for leave to assert a claim for relief under the Thirteen Amendment. [DE 28]. Plaintiff thereafter filed his first amended complaint on November 9, 2015. [DE 29]. On November 16, 2015, defendant filed an answer to plaintiff's amended complaint, denying the substantive allegations. [DE 31]. With leave of the court, defendant filed an amended answer to plaintiff's amended complaint on March 8, 2016, in which defendant withdrew his abatement defense and set forth additional factual grounds in support of his statute of limitations defense. [DE 47].

On April 20, 2016, plaintiff filed an additional motion to amend and a motion to strike defendant's expert witness. [DE 48, 49]. Plaintiff subsequently filed two motions to compel and a motion requesting an extension of time. [DE 56, 66, 69].

DISCUSSION

*Motion to Amend*

Plaintiff seeks leave to amend his complaint for a third time in order to add a new claim under the Fair Housing Act, 28 U.S.C. § 3601 *et. seq*. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although leave to amend a complaint should be freely given under Rule 15, this standard must be read in light of Rule 16 which states that the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). The "good cause" standard is nebulous and largely in the discretion of the Court, but at a minimum requires "the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence." *See* 6A Charles

Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure Civ.3d § 1522.2 (3d ed. 2010) (collecting cases).

The Court finds that good cause does not exist to allow plaintiff leave to amend his complaint. According to the scheduling order entered December 30, 2015, plaintiff's deadline to amend his complaint was February 16, 2016. [DE 41]. Plaintiff claims he did not receive notice of this deadline until March 2016. Even still, plaintiff did not move to amend until April 20, 2016. Additionally, notice was sent to plaintiff of the scheduling order by U.S. mail [DE 41] and, even if he did not receive it, defendant was actively engaging in discovery requests throughout this period and so plaintiff should have realized a scheduling order had been entered. Moreover, even accepting plaintiff's contention that he did not receive the scheduling order as true, the exercise of minimal diligence would have permitted him to learn of entry of the scheduling order and the requisite deadline to file an amended complaint. Plaintiff's argument that good cause exists to explain his delay of several months is not plausible. Finally, plaintiff's proposed new claim is from the same factual basis as his original claims and so it could have been brought in any of his prior complaints. Plaintiff has not offered any explanation as to why this claim could not have been included in any of the prior versions of his complaint. Therefore, because the Court finds that plaintiff's motion for leave to amend is both untimely and without merit, it will be denied.

*Motions to Compel*

Plaintiff filed a motion to compel on June 8, 2016, contending that defendant failed to provide sufficient responses to certain requests for production of documents and that defendant failed to provide adequate responses to certain interrogatories. [DE 56]. Defendant, in reply, demonstrated that plaintiff's requests for production of documents were never actually served by

plaintiff on defendant. Defendant additionally supplemented certain interrogatory responses and demonstrated that he adequately responded to other interrogatories, rendering plaintiff's requests moot. Therefore, the Court finds that plaintiff's June 8, 2016 motion to compel should also be denied.

Plaintiff also filed a second motion to compel on September 9, 2016, requesting an order compelling defendant to (1) file a copy of plaintiff's June 9, 2016 deposition transcript; (2) file a copy of plaintiff's June 9, 2016 deposition transcript with the Court; (3) file a copy of defendant's marriage license; and (4) file a copy of defendant's firearm permits. [DE 69].

Plaintiff interprets the Rules of Civil Procedure and the Local Civil Rules of Practice and Procedure for the Eastern District of North Carolina as entitling him to a copy of his deposition transcript at no cost. Plaintiff's request is without merit. Rule 30(f)(3) of the Federal Rules of Civil Procedure provides that a party is entitled to obtain a copy of any transcript directly from the Court Reporter after paying a reasonable charge. Local Rule 26.1(a) specifically provides that discovery materials "are not to be filed unless by Order of the Court or for use in the proceedings." Defendant has filed relevant portions of the deposition transcript as used in his motions, the Court has not ordered that the transcript in full be filed, and plaintiff is not entitled to obtain a copy for free by circumventing the Rules of Civil Procedure and requesting a copy directly from defendant. *See Schroer v. U.S.*, 250 F.R.D. 531, 537 (D. Colo. 2008) ("The general rule, established by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly form the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court."); *Brant v. Principal Life and Disability Ins. Co.*, 195 F. Supp. 2d 1100, 1108 (N.D. Iowa 2002) (plaintiff was not entitled to a copy of his

deposition transcript from defendant, but rather, plaintiff was obligated to purchase a copy from the court reporter).

Plaintiff may obtain a copy of the deposition transcript directly from the Court Reporter. In recognition of plaintiff's *pro se* status and in an abundance of caution in response to allegations of missed communications, defendant is directed to provide to plaintiff by U.S. mail the name, employer, and phone number of the Court Reporter who transcribed plaintiff's deposition.

Plaintiff also seeks an order compelling the production of defendant's marriage license and gun permits. The deadline for completion of discovery expired on June 15, 2016. [DE 53]. Defendant has demonstrated that plaintiff requested these documents during the course of discovery, but then subsequently withdrew such requests by email to defendant's counsel. [DE 70]. Additionally, plaintiff confirmed on the record during his deposition of defendant's wife that he was not making a request for copies of defendant's marriage certificate or gun permits. *Id.* Plaintiff did not file another request for defendant's marriage license or firearm permits before the expiration of the discovery deadline, but he now seeks through a motion to compel, more than three months later, to obtain those very same documents. Although plaintiff argues he "reserve[d] the right to request the production of documents at later date" [DE 71], plaintiff offers no explanation for why he could not have requested such documents within the time allowed for discovery. The Court has substantial discretion to manage discovery, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995), and the Court sees no reason to allow defendant to circumvent the already extended discovery deadlines to now obtain documents he previously requested but then declined. As such, plaintiff's motions to compel are denied.

5
Case 5:15-cv-00059-BO   Document 72   Filed 12/16/16   Page 5 of 7

*Motion to Strike*

Plaintiff submitted a motion seeking to strike the testimony of Stephen F. Horne, II, defendant's expert witness. [DE 49]. Subsequently, defendant sent notice to the Court that Mr. Horne had unexpectedly died. [DE 63]. Defendant stated that "all pending Motions related to Mr. Horne's Expert Report and potential testimony are moot," [DE 63], which the Court takes to mean that defendant will no longer seek to rely on or offer Mr. Horne's expert report for any purpose. Accordingly, plaintiff's motion to strike is denied as moot.

*Motion for an Extension of Time*

Finally, plaintiff submitted a motion which requested an extension of time to file a response to defendant's motion for summary judgment and which reiterated his motion to compel production of his deposition transcript [DE 66]. Defendant filed a response which opposed the motion to compel but which also indicated that he does not oppose plaintiff's request for an additional 21 days in which to file a response to his motion for summary judgment. [DE 67]. Accordingly, and for good cause shown, plaintiff's motion for an extension of time shall be granted in part and denied in part.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend [DE 48], June 8, 2016 motion to compel [DE 56], and September 9, 2016 motion to compel [DE 69] are DENIED. Defendant is DIRECTED to provide to plaintiff by U.S. mail the name, employer, and phone number of the Court Reporter who transcribed plaintiff's June 9, 2016 deposition. Plaintiff's motion to strike [DE 49] is DENIED as moot. Plaintiff's motion for an extension of time [DE 66] is GRANTED in part and DENIED in part. Plaintiff is DIRECTED to file his response to defendant's motion

for summary judgment within twenty-one (21) days of the date of entry of this order. The Clerk is DIRECTED to serve a copy of this order on plaintiff by U.S. Mail at the address of record.

SO ORDERED, this _15_ day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE