IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-59-BO

| | | |
|---|---|---|
| DONALD BROWN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| GEORGE E. WINMAN, III, | ) | |
|     Defendant. | ) | |

This matter is before the Court on defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure [DE 59] and plaintiff's motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure [DE 77]. The motions have been fully briefed and are ripe for ruling. For the reasons discussed below, plaintiff's motion to strike is denied, and defendant's motion for summary judgment is granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed his original complaint in the Southern District of New York; the matter was transferred to this Court by order entered February 5, 2015. [DE 3]. Following transfer, defendant moved to dismiss the corrected complaint pursuant to Rule 12(b)(6). [DE 19]. Subsequent to defendant's motion to dismiss, plaintiff moved to amend his corrected complaint in order to withdraw his original claims and to assert claims pursuant to Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), 42 U.S.C. § 1982 ("Section 1982") and for violation of the Thirteenth Amendment. [DE 25, 25-1]. The Court entered an order on October 6, 2015 granting plaintiff leave to amend his complaint to assert a claim pursuant to 42 U.S.C. § 1982, but denying as futile plaintiff's motion for leave to assert a claim for relief under the Thirteenth Amendment. [DE 28]. Plaintiff thereafter filed his amended complaint on November 9, 2015. [DE 29]. The amended complaint listed George Winman as the

sole defendant. On November 16, 2015, defendant filed an answer denying the substantive allegations. [DE 31]. With leave of the court, defendant filed an amended answer to plaintiff's amended complaint on March 8, 2016, in which defendant withdrew his abatement defense and set forth additional factual grounds in support of his statute of limitations defense. [DE 47].

On, July 15, 2016, defendant moved for summary judgment. [DE 59]. After the Court's resolution of plaintiff's motion to amend and motions regarding discovery, he was given additional time to respond. [DE 72]. Plaintiff subsequently filed his response, followed by a motion to strike on February 22, 2017 [DE 73, 77].

In his amended complaint, plaintiff alleged that defendant trespassed on plaintiff's land and deprived plaintiff access to his land. Specifically, plaintiff alleged that defendant, "without the consent or authority and against the will of the Plaintiff, entered onto Plaintiff's land situated at Nevis Creek Road, Blunts' [sic] Creek, North Carolina 27814." [DE 29 at ¶ 8]. Plaintiff alleges that this trespass was illegal, and that defendant told plaintiff "he would not leave Plaintiff's land because Blacks should not own property and that I don't belong here." *Id.* at ¶ 9. Plaintiff claimed that, as a result of defendant's actions, he was denied ingress and egress to his property. *Id.* at ¶ 11. Plaintiff also alleged that defendant told plaintiff that he will continue to trespass and to deprive plaintiff of his right to exclusive enjoyment and possession of his property because of plaintiff's race. *Id.* at ¶ 12. Plaintiff alleges that defendant told plaintiff that blacks should not own property and that blacks did not belong in Blount's Creek. [DE 75-2].

In deposition, plaintiff testified that the way he alleges defendant prevented him from accessing his own land is by blocking the driveway running off of Neville Creek Road. [DE 65, Pl's Dep. at 35:1–5]. Plaintiff also testified that when he alleged in his complaint that he was prevented ingress and egress to his property, he is referring to being prevented from using this

driveway, *id.* at 64:6-11, and that when he alleged that defendant's actions constituted an unlawful taking of his land, he was referring to the blocking of the driveway. *Id.* at 66:4–14. Plaintiff also explained that he does not contend that he owns the driveway, but rather merely contends that he has an easement for use of the driveway. *Id.* at 20:23–21:5. Plaintiff also confirmed that he does not dispute that defendant has a right to use the driveway, *id.* at 21:8-13, or that the driveway lies entirely within the boundaries of the defendant's property. *Id.* at 22:4–6. Plaintiff testified that when he alleged in his complaint that defendant "entered onto Plaintiff's land," plaintiff was in fact referring this driveway on defendant's property. *Id.* at 36:5–47:4. Moreover, plaintiff admitted that since defendant's property does not abut any portion of his property, in order for plaintiff to access his property via the driveway on defendant's property, plaintiff would also need to cross over property owned by a third-party. *Id.* at 24:7–15. Finally, although plaintiff alleges in his amended complaint that defendant has trespassed on his property, stated that, to his knowledge, defendant never stepped foot on his property. *Id.* at 54:2–4. Instead, the allegations of trespassing in plaintiff's amended complaint relate to the driveway on defendant's property. *Id.* at 54:5–8.

Plaintiff filed a lawsuit in North Carolina Superior Court, for the County of Beaufort, against defendant, on or about January 18, 2013. [DE 20-1]. Plaintiff asserted a cause of action to have a property boundary determined and for determination of an easement by necessity. In support of his claims, plaintiff alleged that when he purchased his property, there was a "driveway/lane that ran down the border of the Defendants' property, and which had been used for in excess of fifty years as access to the property purchased by the Plaintiff." *Id.* at ¶ 5. Plaintiff testified in his deposition for this case that when he alleged in his amended complaint that "Defendant Winman illegally entered into Plaintiff's property," he was referring to the same

driveway that was the subject of this state court lawsuit. [DE 65, Pl's Dep. 47:5–16]. The state court determined that defendant was entitled to summary judgment and entered an order in favor of defendant on all claims. [DE 65, Winman Aff. at ¶ 22; Ex. I].

Property records show that the driveway that is the subject of this case and which was referenced in plaintiff's state court lawsuit is contained entirely within the boundaries of defendant's property. [DE 65, Winman Aff. at ¶ 21; Ex. G; Pl's Dep. at 20:2–20:17]. Records also show that defendant's property does not share a common border with any of plaintiff's land. [DE 65, Winman Aff. at ¶ 19; Ex. F; Ex. G]. There is nothing in the chain of title for the property of either party in this case reflecting an access easement for ingress or egress, whether private or appurtenant, to plaintiff's property across defendant's property. [DE 65, Winman Aff. at ¶ 23]. Moreover, none of plaintiff's property has a common source of title or privity of title to defendant's property. [DE 65, Winman Aff. at ¶ 20].

Though not alleged in his amended complaint, plaintiff later submitted an affidavit in which he stated that defendant had previously granted plaintiff permission to cross defendant's land for logging purposes and for day-to-day use. [DE 75-2; DE 75, Winman Aff. at 18].

## DISCUSSION

*Motion to Strike*

Plaintiff submitted a motion seeking to strike arguments raised by defendant in his reply memorandum in support of his motion for summary judgment. Plaintiff argues that such arguments are untimely and improper because they were not raised in defendant's initial memorandum in support of his motion for summary judgment. The Court finds plaintiff's motion to be without merit. Contrary to plaintiff's assertion, none of the arguments in defendant's reply brief were raised for the first time in that brief. Rather, each argument was in answer to particular

issues raised by plaintiff in his own response. In fact, several of those particular issues to which defendant responded were raised by plaintiff for the first time in plaintiff's response. It was permissible for defendant to address these new issues contained in his reply, and the Court will not strike such arguments. The Court also finds that plaintiff has not demonstrated good cause for which he should be allowed to file a sur-reply. Therefore, plaintiff's motion is denied.

*Motion for Summary Judgment*

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Plaintiff does not dispute that the deprivation he alleges in his complaint is access to a driveway located entirely on defendant's property. [DE 74 at 4]. Plaintiff also does not dispute that he possesses no actual claim of ownership to that driveway, and that a North Carolina state

court rejected his contention that he possesses an easement by necessity to the driveway. *Id.* at 4–6. Moreover, plaintiff does not dispute that defendant's property does not actually touch any part of his property and that to reach his own property by way of defendant's driveway he would need to cross land owned by a third-party. *Id.* There is also no dispute that plaintiff has alternative access to his land by way of an easement that reaches the other side of his property. *Id.* at 6–7. These material facts were revealed through the course of discovery and are not in dispute.

After a review of the record, it appears that only two issues are actually contested by the parties. The first concerns whether defendant at some point granted plaintiff permission to cross the driveway located on his property, and whether that permission allowed plaintiff to cross for logging purposes or also for day-to-day use as needed. [DE 74 at 3–4, 7]. The only other issue in dispute concerns whether defendant made statements as alleged by plaintiff which are indicative of racial animus. *Id.* at 3–4, 7–8. Although these two issues are in dispute, summary judgment in defendant's favor is merited because the record demonstrates that plaintiff cannot state a claim under Section 1982.

Section 1982 provides that "[a]ll citizens of the United States shall have the same right . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The Supreme Court has held that section 1982 should be construed broadly "to protect not merely the enforceability of property interests acquired by black citizens but also their right to acquire and use property on an equal basis with white citizens." *Memphis v. Green*, 451 U.S. 100, 120 (1981). The statute applies to private parties, not just government actors. *See, e.g., Jones v. Alfred H. Mayer* Co., 392 U.S. 409, 413 (1968). To establish a claim under the statute, plaintiff must allege that (1) he is a racial minority; (2) that defendant intended to discriminate on

the basis of race; and (3) the discrimination concerned activities listed in Section 1982, namely the inheritance, purchasing, leasing, selling, holding, and conveyance of real and personal property. *See, e.g., Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp. 2d 1133, 1150 (N.D. Ill. 2004). Thus, a key element in Section 1982 claims is a demonstration that the defendant denied the plaintiff rights or benefits connected with ownership of property. *See Zhu v. Fisher, Cavanaugh, Smith & Lemon, P.A.*, 151 F.Supp.2d 1254, 1258 (D. Kan. 2001).

In his amended complaint, it appears that plaintiff's Section 1982 claim was based on an allegation that he owned the driveway on defendant's property, while during deposition he contended that he had an easement for use of the driveway. The evidence clearly shows however, and plaintiff has admitted, that plaintiff does not own outright the driveway in question or possess an easement for use of the driveway. Instead, plaintiff now bases his Section 1982 action on his allegations that he was granted use of the driveway by the express permission of defendant and that such permission was later revoked because of plaintiff's race. Plaintiff apparently argues that revocation of permission to use this private driveway interfered with his right to hold and use his property, and that because defendant allegedly did so out of racial animus he is in violation of Section 1982.

The Court finds that defendant is entitled to summary judgment because there is no evidence of conduct which was directed at plaintiff's property or which demonstrated an intent by defendant to drive plaintiff from his property. The record and plaintiff's deposition testimony make clear that the property at issue, to which plaintiff contends he was denied access by defendant, is a driveway owned by defendant and laying entirely within the boundary of defendant's property. Even assuming defendant granted plaintiff permission to use the driveway for the use of logging and for day-to-day access, such permission would be a license which is

freely revocable and creates no meaningful property interest for purposes of Section 1982.[1] Nor did defendant, as is discussed further below, interfere with plaintiff's right to hold and use his own real property by closing the driveway.

In support of his claim and to argue that he suffered deprivation of a property interest, plaintiff cites *Evans v. Tubbe*, a case in which an individual alleged a violation of Section 1982 when she was denied use of a road because of her race. In that case, the plaintiff had alleged the following facts:

> The plaintiff Evans, who is black, purchased land from the plaintiff Dickerson in 1978. The only access to Evans' land is via a road that passes through land owned by Tubbe. Tubbe erected a metal gate across the road and placed a lock upon the gate, thereby preventing Evans from reaching and using her property. Tubbe gave a key to the gate to all of the white people who own property along the road, but refused to give a key to Evans. On account of Evans' race, Tubbe has threatened, intimidated, and harassed her, and she is now afraid to use and enjoy her property. In addition, Tubbe has threatened and harassed other blacks to whom Dickerson has attempted to sell property in the same vicinity.

657 F.2d 661, 662 (5th Cir. 1981). Important to the Fifth Circuit's holding that plaintiff could proceed on her claim under Section 1982 was (1) the fact that defendant had deprived plaintiff of her only access to her home, and (2) the allegation that defendant had done so in a discriminatory manner by depriving plaintiff access while allowing white individuals to pass through the gate. The plaintiff in *Evans* did not argue that her property rights had been deprived by not having

---

[1] Under North Carolina law,

> A license is not an estate and creates no substantial interest in land but merely serves to authorize one to do certain specified acts upon the lands of the licensor. A license operates merely as a permission or waiver permitting the licensee to do acts upon the land which would otherwise be a trespass. A license is generally revocable, while easements and profits a prendre are not.

*Sanders v. Wilkerson*, 204 S.E.2d 17, 19 (1974) (citing Webster, REAL ESTATE LAW IN NORTH CAROLINA, § 310 (1971)).

access to a road which was owned by another person, but that her right to use and hold property had been deprived by being shut out from the only way to reach her home.

The case before this Court is not analogous to *Evans*. It is undisputed that, if plaintiff was to use defendant's driveway to access his own property, he would still have to cross over a third party's land to get to his home. In other words, by allegedly refusing to allow plaintiff to use his driveway, defendant merely prevented plaintiff from accessing the third party's property, not plaintiff's own home. Additionally, plaintiff does not dispute that there is another driveway that he can use, and has been using, to reach his home without going anywhere near defendant's property. Therefore, even assuming defendant engaged in any wrongful conduct by refusing to permit plaintiff to use his driveway, such conduct still did not deprive plaintiff of any meaningful rights or benefits connected with ownership of property because plaintiff still has access to his own home and land. The plaintiff in *Evans* had only one way to reach her home, and that was through the defendant's gate that she was deprived use of solely because of her race, while here, plaintiff has no claim of ownership over defendant's driveway, and being deprived of its use in no way prevented him from reaching his property. For these reasons, the Court finds that no property interest of plaintiff's has been deprived or infringed upon due to defendant's actions and that such conduct cannot a violation of Section 1982.

Additionally, there is not sufficient evidence in the record demonstrating that plaintiff was treated any differently than whites in the use of defendant's driveway. In *Evans* the wrongful act under Section 1982 was not in prohibiting the African American plaintiff from using the gate, but rather, in treating her dissimilarly solely because of her race.[2] In this case, there is no meaningful evidence in the record showing that plaintiff was treated any differently than white

---

[2] The Fifth Circuit stated that, "§ 1982 forbids [defendant] from allowing whites but not blacks to traverse his land to obtain access to their property." *Evans*, 657 F.2d at 663 n.2.

individuals in the use of the driveway. Even if plaintiff had a right to cross defendant's property, he did not testify to having any direct knowledge that whites could use the driveway while he was excluded, and nor did plaintiff produce any evidence that whites were given access while blacks were prohibited from doing so.[3] Even when viewing the record in the light most favorable to plaintiff, the Court cannot conclude in the absence of any meaningful evidence of disparate treatment that a violation of Section 1982 has occurred.

The Court finds that the undisputed facts of this case show that plaintiff's right to acquire and use property has not been impaired by defendant's actions, and that therefore Section 1982 does not impose liability in this case. For these reasons, summary judgment in defendant's favor is warranted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike [DE 77] is DENIED and defendant's motion for summary judgment [DE 59] is GRANTED. The Clerk is DIRECTED to close the case.

SO ORDERED, this ___ day of March, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] The only evidence of disparate treatment came from plaintiff's testimony during deposition, when he was asked specifically about this issue:
    Q. Did [defendant] ever let white people use that driveway, to your knowledge?
    A. I would imagine he does. He's got plenty of white friends down here.
    Q. To your knowledge, has he ever let any white people use his driveway, other than to go to his house?
    A. Well, that would be the only reason why I would think that they would have a need to use it.
[DE 65, Pl.'s Dep. 61:20–62:2].

10
Case 5:15-cv-00059-BO   Document 80   Filed 03/09/17   Page 10 of 10