IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-59-BO

| | | |
|---|---|---|
| DONALD BROWN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| GEORGE E. WINMAN, III, | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for attorney's fees. [DE 83]. The motion has been fully briefed and is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed his original complaint in the Southern District of New York; the matter was transferred to this Court by order entered February 5, 2015. [DE 3]. Following transfer, defendant moved to dismiss the corrected complaint pursuant to Rule 12(b)(6). [DE 19]. Subsequent to defendant's motion to dismiss, plaintiff moved to amend his corrected complaint in order to withdraw his original claims and to assert claims pursuant to Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), 42 U.S.C. § 1982 ("Section 1982") and for violation of the Thirteenth Amendment. [DE 25, 25-1]. The Court entered an order on October 6, 2015 granting plaintiff leave to amend his complaint to assert a claim pursuant to 42 U.S.C. § 1982, but denying as futile plaintiff's motion for leave to assert a claim for relief under the Thirteenth Amendment. [DE 28]. Plaintiff thereafter filed his amended complaint on November 9, 2015. [DE 29]. The amended complaint listed George Winman as the sole defendant. On November 16, 2015, defendant filed an answer denying the substantive allegations. [DE 31]. With leave of the court, defendant filed an amended answer to plaintiff's

amended complaint on March 8, 2016, in which defendant withdrew his abatement defense and set forth additional factual grounds in support of his statute of limitations defense. [DE 47].

On March 9, 2017, the Court granted summary judgment in defendant's favor. [DE 80]. The Court ruled that the undisputed facts of this case show that plaintiff's right to acquire and use property had not been impaired by defendant's actions, and that therefore Section 1982 did not impose liability in this case. *Id.*

On March 24, defendant filed the instant motion for attorneys' fees pursuant to 42 U.S.C. § 1988, arguing that plaintiff's Section 1982 claim against defendant was frivolous, unreasonable, and groundless, and that plaintiff continued to litigate the claim after it clearly became so. [DE 83]. Defendant seeks $32,594.50 in fees. *Id.*

DISCUSSION

Title 42, Section 1988 of the U.S. Code authorizes the prevailing party in any civil rights action, including an action under Section 1982, to recover reasonable attorneys' fees. Defendants as well as plaintiffs are entitled to an award of fees under the statute, *Lotz Realty Co. v. U.S. Dept. of Housing and Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983), however, the standard for recovery of attorneys' fees by a defendant differs from that by a plaintiff. *Id.* For a defendant to recover, the defendant must show that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.*; *see also Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The defendant need not demonstrate that the plaintiff acted in bad faith, as a showing that the plaintiff's action was meritless, groundless, or without foundation will suffice. *DeBauche v. Trani*, 191 F.3d 499, 510 (4th Cir. 1999). As the Fourth Circuit has further explained:

> In order for a prevailing defendant to be entitled to recover attorney's fees under
> § 1988, the plaintiff's claim must have been either "'frivolous, unreasonable, or

2

groundless,'" or the plaintiff must have "'continued to litigate after [the claim] clearly became so.'" *Lotz Realty Co., Inc. v. U.S. Dept. of Housing & Urban Dev.*, 717 F.2d 929, 931 (4th Cir.1983) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Indeed, the mere fact that a civil rights plaintiff lost her case does not render her claim frivolous, unreasonable, or groundless. . . . The purpose of distinguishing between a fee award being made to a successful plaintiff, on the one hand, and such an award being made to a prevailing defendant, on the other, arises out of the legitimate concern for the "chilling effect" that the latter type of award would have on potential civil rights plaintiffs—and their lawyers—in deciding whether to initiate lawsuits. *See Lotz*, 717 F.2d at 932. We have explained, however, that "[w]hen a court imposes fees on a plaintiff who has pressed a 'frivolous' claim, it chills nothing that is worth encouraging." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

*Unus v. Kane*, 565 F.3d 103, 127 (4th Cir. 2009).

Therefore, in determining whether to award attorneys' fees to defendant, the Court must decide whether plaintiff's claim was frivolous, unreasonable, or groundless, or whether plaintiff continued to litigate after it became clear that his claim was frivolous, unreasonable, or groundless. As discussed in the order granting summary judgment, in order for plaintiff to have prevail on a claim under Section 1982, he had to show that (1) he is a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned activities listed in Section 1982, namely the inheritance, purchasing, leasing, selling, holding, and conveyance of real and personal property. *See, e.g., Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp. 2d 1133, 1150 (N.D. Ill. 2004). A key element in Section 1982 claims, therefore, is a demonstration that the defendant denied the plaintiff rights or benefits connected with ownership of property. *See Zhu v. Fisher, Cavanaugh, Smith & Lemon, P.A.*, 151 F. Supp. 2d 1254, 1258 (D. Kan. 2001). Plaintiff initially based his Section 1982 claim on an allegation that he owned the driveway on defendant's property, while during deposition he instead contended that he had an easement for use of the driveway.

After discovery, the evidence showed, and plaintiff admitted, that he did not own outright the driveway in question or possess an easement for use of the driveway. At summary judgment, plaintiff instead based his Section 1982 action on his allegations that he was granted use of the driveway by the permission of defendant and that such permission was later revoked because of plaintiff's race. Plaintiff argued unsuccessfully that revocation of permission to use defendant's private driveway interfered with his right to hold and use his property.

The Court ruled that defendant was entitled to summary judgment because there was no evidence of conduct which was directed at plaintiff's property or which demonstrated an intent by defendant to drive plaintiff from his property. The record and plaintiff's deposition testimony made clear that the property at issue, to which plaintiff contended he was denied access by defendant, was a driveway owned by defendant and laying entirely within the boundary of defendant's property. Even assuming defendant granted plaintiff permission to use the driveway for the use of logging and for day-to-day access, the Court noted that such permission would be a license which is freely revocable and creates no meaningful property interest for purposes of Section 1982. Finally, the undisputed facts showed that defendant did not interfere in any way with plaintiff's right to hold and use his own real property by closing the driveway because the disputed driveway crossed a third-party's land before reaching plaintiff's property and because plaintiff had another way of reaching his property without using defendant's driveway.

The Court cannot conclude that, at the time plaintiff initiated the lawsuit, the claim was frivolous, groundless, or unreasonable. Plaintiff, representing himself, filed this suit claiming that his right to use a driveway that he had traveled upon for many years was interfered with. Plaintiff testified that he had permission to use the driveway for logging, and has stated that he, in good faith, understood this to grant him some sort of easement or right to use the land. Plaintiff's

4

complaint survived a motion to dismiss because these facts, as he had alleged, established a justiciable claim under Section 1982.

However, even if the allegations initially reasonably stated a claim, a plaintiff may be subject to attorneys' fees "if the plaintiff continues to litigate after it becomes clear that his action lacks factual substance." *Kennedy v. McCarty*, 803 F. Supp. 1470, 1474 (S.D. Ind. 1992). Plaintiff initiated this federal civil rights lawsuit as well as a parallel state court action which was aimed at determining ownership of the disputed driveway. That state action concluded on June 20, 2016 when the North Carolina Superior Court for Martin County granted defendant's motion for summary judgment and therefore ruled that plaintiff had no right of ownership or easement to defendant's property. [DE 87-1]. From that day forward plaintiff should have been aware that the allegations in his complaint which were essential to his claim under Section 1982—namely that he had ownership of or a property right to the disputed driveway—were factually groundless. Nevertheless, plaintiff persisted in continuing to litigate his 42 U.S.C. § 1982 claim against defendant in this Court even despite that absence of justiciable issues of law and fact.

Therefore, the Court finds that plaintiff was or should have been aware as of June 20, 2016, that his claim in this Court was frivolous, unreasonable, or groundless. On that date plaintiff should have been aware that defendant's conduct, whatever it was, had no impact on his property because he had no property interest in the disputed driveway and because there always existed another driveway which he could have used to access his land. Plaintiff, proceeding *pro se*, may have mistakenly believed to have possessed some sort of ownership right over the driveway when he initiated this lawsuit, but by June 20, 2016 should have realized that this federal action was groundless.

This conclusion, that the claim was frivolous, unreasonable, or groundless as of the date

of determination in state court that plaintiff had no property interest in the driveway, is

reinforced by the fact that the state court entered an order awarding defendant $9,680 attorneys'

fees based off its conclusion that there were no justiciable issues of law or fact and the absence

of justiciable issues of law and fact should have been apparent to plaintiff. [DE 83-1]. This Court

has come to the same conclusion, and will also award defendant attorneys' fees pursuant to 42

U.S.C. § 1988 from June 20, 2016 through the time this Court granted defendant's motion for

summary judgment on March 9, 2017.

The question now is what fees are reasonable. This Court has the discretion to determine

the amount of a fee award. *Mercer v. Duke Univ.*, 30 F. Supp. 2d 454, 466 (M.D.N.C. 2004)

(citing *Hensley v, Eckerhart*, 461 U.S. 424, 437 (1983), abrogated on other grounds by *Tex.

States Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S 782 (1989)). To calculate an award

of attorneys' fees, the court "must first determine a lodestar figure by multiplying the number of

reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info Servs., LLC*, 560

F.3d 235, 243 (4th Cir. 2009).[1] The party requesting fees bears the burden of establishing the

reasonableness of the requested rate and "must produce satisfactorily specific evidence of the

prevailing market rates in the relevant community for the type of work for which he seeks an

---

[1] Factors to consider in determining the reasonableness of the hours and rate include:
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

award." *Id.* at 244. Other facts may lead the court "to adjust the fee upward or downward . . ."

*Hensley*, 461 U.S. at 434.

Defendant submitted a declaration which detailed billing information to support its request for attorneys' fees which, from the period of June 20, 2016 through March 9, 2017, total $14,725.50. [DE 84-1]. The Court has considered all the facts, the circumstances of this litigation, as well as the declarations and affidavits submitted by defendant. [DE 84, 84-1, 85]. The Court finds the rates proposed by defendant to be reasonable for this region and under the standards laid out by the Fourth Circuit. *See Robinson*, 560 F.3d at 243; *Grissom v. Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008).

A fee applicant also must establish the reasonableness of the hours requested. *See Hensley*, 461 U.S. at 437. After reviewing the affidavits and billing statements submitted by plaintiffs, the Court finds that the hours requested for this period is a reasonable number of hours. Defendant has demonstrated with sufficient particularity that the hours requested were properly billable and appropriately performed by defendant's attorneys.

Therefore, defendant's motion to award attorneys' fees is granted and the Court finds that an award of fees totaling $14,725.50 to be reasonable given the extent of litigation in this matter and the circumstances of the case. In crafting this remedy, the Court has carefully considered what amount will compensate plaintiff for its losses without being punitive and what is reasonable under the applicable statutes and standards.

## CONCLUSION

For the foregoing reasons, defendant's motion for attorney's fees [DE 83] is GRANTED.

Plaintiff is ORDERED TO PAY $14,725.50 in attorneys' fees to defendant.


SO ORDERED, this __9__ day of August, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE